IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSEPH A. BOWDEN,

    Petitioner,

vs.                               CIVIL ACTION NO.: CV205-244

JOSE VASQUEZ, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Bowden ("Bowden"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Bowden filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

A jury in the Middle District of Florida convicted Bowden of: one count of conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and six counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Bowden was sentenced to 480 months' imprisonment. Bowden appealed, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. (Pet., p. 2.)

AO 72A
(Rev. 8/82)

Bowden filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court denied his motion. The Eleventh Circuit Court of Appeals denied Bowden a certificate of appealability. Bowden filed another section 2255 motion, and the trial court denied this motion. His appeal was dismissed for failure to pay his filing fee. (Mot., p. 2.)

In the instant petition, Bowden contends that his Fifth and Sixth Amendment rights were violated because the drug type, drug quantity, firearm possession, and managerial role in the conspiracy were facts used to enhance his sentence which the jury did not find to be true beyond a reasonable doubt. Bowden asserts that his sentence violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Respondent avers that Bowden's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Bowden has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott,

2

177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Bowden has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because "the law at the time of [his] 2255 motion did not recognize drug amoutns [sic], leadership role and possession of a firearm as facts that must be decided by a jury." (Pet., p. 7.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Bowden bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Bowden was sentenced in the Middle District of Florida on February 18, 1991, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence[2]. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Bowden to have his requested relief pursuant to Blakely and Booker would constitute a

---

[2] Bowden does not inform the Court of an approximate date of the Eleventh Circuit's affirmation of his convictions and sentences. This information is unavailable via PACER, and a search on Westlaw could not confirm the date of the Eleventh Circuit's decision. However, based on the information available to the Court, Bowden's convictions and sentence were affirmed before November 5, 1996, the first date docketed on PACER in Bowden's criminal case.

AO 72A
(Rev. 8/82)

"new rule" under <u>Teague v. Lane</u>, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989), despite his contention to the contrary.

In his Response to the Respondent's Motion to Dismiss, Bowden asserts that the Supreme Court's decision in <u>In re Winship</u>, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed.2d 368 (1970), is applicable to cases on collateral review. Even accepting Bowden's assertion as true, he is not entitled to his requested relief. Bowden has filed section 2255 motions on at least two prior occasions. Either he failed to raise any contentions based on <u>Winship</u>, or he raised contentions based on <u>Winship</u>, and the trial court and/or Eleventh Circuit did not find Bowden's contentions compelling.

In short, Bowden has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion[3] from making the same allegations as he does in the instant petition. Simply because the trial court denied Bowden's previously filed motions does not render section 2255's remedy inadequate or ineffective. Bowden has not satisfied the requirements of § 2255's savings clause. See <u>Wofford</u>, 177 F.3d at 1244. Bowden cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003). Bowden is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

---

[3] Defendants (and petitioners) have been making the general argument that a jury must find all of the facts regarding sentencing enhancements since the United States Sentencing Guidelines came into being. See <u>United States v. Levy</u>, 379 F.3d 1241, 1243 n.3 (11th Cir. 2004). Bowden's assertion that the law applicable at the time he filed his previous section 2255 motions did not permit the argument that a jury must find all facts used for sentence enhancement purposes is unavailing.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED.** Bowden's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE